# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>　　　　　Petitioner,<br>　　v.<br>KYLE W. JONES, et al.,<br>　　　　　Respondents. | 1:07-CV-00534 AWI GSA HC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>ORDER DIRECTING PETITIONER TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |

On April 6, 2007, Petitioner Gregory McClellan ("Petitioner") filed the complaint upon which this action proceeds. The complaint requests that the court: (1) Determine the legality of Petitioner's parole conditions; (2) Order prison officials to provide better access to the law library; (3) Order prison officials to provide addresses of "CalPAP Attorneys"; (4) Determine the legality of Petitioner's probable cause hearing; (5) Determine the legality of Plaintiff's parole revocation hearing; (6) Award monetary damages; (7) Order that Petitioner be provided with transcripts of his revocation proceedings; and (8) Order other relief deemed necessary. The complaint was designated by the Clerk of the Court as a prisoner civil rights action. On May 21, 2007, Magistrate Judge Dennis L. Beck determined that the Clerk of the Court had incorrectly designated this action as prison civil rights action, and Judge Beck re-designated this action as a regular civil rights action. On November 15, 2007, Magistrate Judge Gary S. Austin concluded that this action is not a regular

civil action and re-designated this action as a habeas corpus action, presumably because the complaint concerned Petitioner's parole conditions and the revocation of Petitioner's parole.

On November 28, 2007, Judge Austin issued a Findings and Recommendation that recommended the petition be DISMISSED without prejudice because Petitioner had not exhausted his state remedies concerning his parole conditions and parole revocation with the state courts. The Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On December 21, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. In the interests of justice, the court will delay adopting the Findings and Recommendation for thirty days. The procedural history of this case is complicated because Petitioner combined entirely different types of actions into one complaint and because the assigned Magistrate Judges attempted to "save Petitioner from himself" by repeatedly re-designating this action in an attempt to ensure the court addressed Petitioner's actual claims rather than proceed with this action's based on Petitioner's label. However, this process has resulted in Petitioner now claiming that the court erred in re-designating this action as a habeas corpus petition and arguing that habeas rules should not be applied because this is not a habeas action.

In the objections, Petitioner states that he "does not ask this Court to determine the legality of his parole conditions, nor the legality of his Probable Cause and Parole Revocation Hearings." The objections state that Petitioner wishes to amend the complaint to delete issues one, four, and five. The objections then proceed to generally discuss how Petitioner's prison conditions and parole conditions deprived him of his constitutional rights. In light of Petitioner's objections, the court concludes that Petitioner does not wish to proceed with this action as a habeas corpus petition and Petitioner does not wish to address either the conditions of Petitioner's parole or the hearings that resulted in parole being revoked. Without these habeas corpus claims, this action should not proceed as a habeas corpus action and habeas rules concerning exhaustion would not apply.

The court is willing to re-designate this action one more time so that Petitioner may proceed. However, it is not entirely clear from the complaint and objections what claims Petitioner desires to

keep because these documents are focused on the conditions of Petitioner's parole. It appears, based on the eight claims for relief contained in the original complaint, that what would be left in this action would be claims concerning law library access, court access, and attorney access. A complaint containing such claims would be designated by the court as a prisoner civil rights action. However, because it appears Petitioner's vague claims may have resulted in the court mistakenly re-designating this action twice, the court will not attempt to "guess" again and the court will order Petitioner to file an amended complaint in which he clarifies the exact claims underlying this action. To avoid further confusion, Petitioner is directed to specify only those facts supporting his specific claims and not include any allegations about other areas. Upon receipt of the amended complaint, the court will review it and, if necessary, re-designate the action again and refer it back to the Magistrate Judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint in this action is DISMISSED with leave to amend;
2. Any amended complaint SHALL BE FILED within thirty days from this order's date of service;
3. Any amended complaint must contain only the specific causes of action at issue;
4. The Clerk of the Court is DIRECTED to send Petitioner the standard form for a prisoner civil rights action.;
5. The court will delay addressing the Findings and Recommendations until after thirty days from this order's date of service; and
6. Petitioner is FOREWARNED that failure to file an amended complaint will result in the court adopting the pending Findings and Recommendations and dismissing this action.

IT IS SO ORDERED.

**Dated:   January 17, 2008**             /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE