# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN, | CASE NO. 1:07-cv-00534-AWI-GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO FILE A SECOND AMENDED COMPLAINT WHICH COMPLIED WITH DIRECTIVES SET FORTH IN ORDER OF JANUARY 18, 2008 |
| v. | |
| KYLE W. JONES, et al., | |
| Defendants. | (Docs. 23 and 24) |
| | ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF AS MOOT |
| | (Docs. 12 and 17) |
| | ORDER DIRECTING CLERK TO CLOSE FILE |

On November 28, 2007, the United States Magistrate Judge assigned to this case recommended dismissal of this action, which at that time was designated as a petition for writ of habeas corpus. Plaintiff/Petitioner Gregory McClellan ("McClellan") filed objections and on January 18, 2008, the Court issued an order granting McClellan thirty days within which to file a second amended complaint and, based on McClellan's objections, the Court re-designated this as a civil rights action. In the order, the Court stated, "[B]ecause it appears Petitioner's vague claims may have resulted in the court mistakenly re-designating this action twice, the court will not attempt to 'guess' again and the court will order Petitioner to file an amended complaint in which he clarifies the exact claims underlying this action. To avoid further confusion, Petitioner is directed to specify

///

1

only those facts supporting his specific claims and not include any allegations about other areas." (Doc. 23, 3:5-9.)

On February 19, 2008, McClellan filed a second amended complaint which is virtually identical to his first amended complaint. The only differences between the two are that McClellan omitted one sentence on the last page of the second amended complaint and omitted three prayers for relief. McClellan failed redraft his statement of claim to clarify his claim and allege only those facts necessary to support those claims.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for almost one year, with the case being re-designated from a civil rights action to a habeas action back to a civil rights action due to the lack of clarity in McClellan's complaint. The Court attempted more than once to save McClellan from himself and the Court cannot continue to expend its scare resources assisting a litigant who will not help himself by submitting an amended pleading making the clarifications required by the Court. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is McClellan's failure set forth clear claims in the first instance and to clarify his claims as ordered in the second instance that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the

1 Court from further unnecessary expenditure of its scarce resources. McClellan is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

In weighing the five factors, the scale tips toward dismissal. Based on McClellan's objections, the Court allowed McClellan another opportunity to amend and provided him with some guidance. Despite this, McClellan failed to cure the deficiencies by redrafting his pleading in a manner which clarified his claims and included only those facts which supported his claims that his constitutional rights were violated while he was incarcerated.[1] Because McClellan failed to comply with the directives set forth in the Court's order, this action shall be dismissed, without prejudice. In light of the dismissal, McClellan's pending motions for preliminary injunctive relief shall be denied as moot.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on McClellan's failure to file a second amended complaint which complied with the directives set forth in the Court's order of January 18, 2008;
2. Plaintiff's motions for preliminary injunctive relief, filed August 30, 2007, and November 13, 2007, are DENIED as moot in light of the dismissal of this action; and
3. The Clerk of the Court shall close this file.

IT IS SO ORDERED.

**Dated:   March 14, 2008**                    /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE

---

[1] In his objections, upon which the Court relied in giving him leave to amend, McClellan asserted he was attempting to pursue First Amendment claims based on free exercise of religion, free association, free speech, familial association, and right to privacy. (Doc. 20, 2:1-5.)

3